UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Rudolph Betancourt, Individually, | : |
| Plaintiff, | : Case No. 1:18-cv-853 |
| v. | : |
| Boyne Mountain Resort, LLC, a Michigan limited liability company, | : |
| And | : |
| The Mountain Grand Lodge & Spa, L.L.C., a Michigan limited liability company | : |
| Defendant. | : |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, RUDOLPH BETANCOURT, Individually, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sues the Defendants, Boyne Mountain Resort, LLC, a Michigan limited liability company and The Mountain Grand Lodge & Spa, L.L.C., a Michigan limited liability company for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

2. Defendants Boyne Mountain Resort, LLC and The Mountain Grand Lodge & Spa, L.L.C. own or operate property commonly known as Boyne Mountain Resort and is located at One Boyne Mountain Rd, Boyne Falls, MI 49713 in Charlevoix County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative

fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Western District of Michigan because venue lies in the judicial district of the property situs. The Defendants' property and business is located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff is a United States Marine Corps veteran and leg amputee and uses a wheelchair, as wells as a prosthetic, for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On September 5th, 2016, June 28th 2018 and other occasions, Plaintiff was an overnight guest and waterpark user on the property that forms the basis of this lawsuit. On February 21, 2017 the Plaintiff was a winter recreation customer at the resort. Mr. Betancourt and his family have been both summer and winter users of the resort in question and Mr. Betancourt has plans to return to the property to avail himself of the goods and services offered to the public at the property as he and his family have over the course of the past several years.

7. **Rudolph Betancourt** frequents the Charlevoix County region for family getaways and has been an overnight guest at the Defendant's destination resort that forms the basis of this lawsuit. During the Plaintiff's visits to Defendants' resort he encountered architectural barriers at the subject property's common areas and in the lodge and other accommodations located therein that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety. Mr. Betancourt also was damaged by discriminatory policy, procedures and practices of the Defendant.

8. Defendants own, lease, lease to, or operate a place of public accommodation as defined

by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is a resort known as Boyne Mountain Resort located at One Boyne Mountain Rd, Boyne Falls, MI 49713 in Charlevoix County.

9. Defendant also serves as a property manager for condominium owners and operates the resort condominiums as a transient lodging hotel subject to the ADA. The lodging has a central reservation system, patrons have short terms stays, the resort has regular housekeeping, and the resort handles the refurbish, remodel or changes to the units in order to maintain certain hospitality standards.

10. RUDOLPH BETANCOURT has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. RUDOLPH BETANCOURT desires to visit the hotel and resort not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the hotel has shown that

violations exist.  These violations include, but are not limited to:

Parking and Accessible Routes

A.  The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities, in violation of the ADA whose remedy is readily achievable.

B.  There is not a compliant accessible route from some of the site arrival points to the facility entrances they serve, in violation of the ADA whose remedy is readily achievable.

C.  There is not a continuous accessible route connecting all buildings, accessible elements, and accessible spaces that are on the same sites throughout the resort including surrounding the retail shopping, lodging and dining facilities located within the resort, in violation of the ADA whose remedy is readily achievable.

D.  There is no firm, stable and slip resistant accessible route to the boat rental hut at Deer Lake, in violation of the ADA whose remedy is readily achievable.

E.  There is no firm, stable and slip resistant accessible route to the outside snack bar and lakeside lounge chairs at Deer Lake, in violation of the ADA whose remedy is readily achievable.

F.  There is no accessible route to access the ski lift, in violation of the ADA whose remedy is readily achievable.

G.  The resort's designated accessible parking is located at the Grand Lodge <u>only</u> and not disbursed throughout the resort, this includes a complete lack of designated accessible parking at golf facilities, Deer Lake recreations and restaurant facilities, tennis facilities and other lodging offerings besides the Grand Lodge throughout Boyne Mountain, in violation of the ADA whose remedy is readily achievable.

H.  There are changes in level and surface slopes at the entrance doors, which does not provide the required maneuvering clearance for a level landing, in violation of the ADA whose remedy is readily achievable.

I.  There are sidewalks located on accessible routes throughout the facility that do not have accessible and in many cases any curb ramps or curb cuts at crossings, in violation of the ADA whose remedy is readily achievable.

Forty Acres Tavern

J.  At least 5% of the outdoor dining tables do not have required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

K.  The entrances to the restaurant are both inaccessible due to a step and threshold in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

L.  There are cracks and changes in level in excess of ¼ inch along the accessible route to the entrance, in violation of the ADA whose remedy is readily achievable.

    M. The flush control in the men's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    N. Some amenities in the men's restroom, including the paper towel dispenser, are located above the allowable reach range, in violation of the ADA whose remedy is readily achievable.

    O. Both the men's and women's restroom signage is non-compliant, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

    P. Upon information and belief, the women's restroom contains similar barriers as the men's restroom, in violation of the ADA whose remedy is readily achievable.

Beach House Restaurant

    Q. There is no designated accessible parking in the Beach House Restaurant parking lot, in violation of the ADA whose remedy is readily achievable.

    R. Both the men's and women's restroom signage is non-compliant, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

    S. There is insufficient latch side clearance to exit the men's restroom, in violation of the ADA whose remedy is readily achievable.

    T. The lavatory hardware requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

    U. The water line and drain pipe under the lavatory are not insulated or otherwise configured to protect against contact, in violation of the ADA whose remedy is readily achievable.

    V. The mirrors are mounted in excess of allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

    W. There are two urinals, none of which are mounted at the required height, in violation of the ADA whose remedy is readily achievable.

    X. The toilet compartment door swings into the minimum required compartment area, in violation of the ADA whose remedy is readily achievable.

    Y. The toilet compartment door lacks door pulls on both sides and is not self-closing, in violation of the ADA whose remedy is readily achievable.

Z. The toilet compartment lacks grab bars, in violation of the ADA whose remedy is readily achievable.

AA. The coat hook on the toilet compartment door is mounted above the maximum reach range allowance, in violation of the ADA whose remedy is readily achievable.

Boyne Sports Center

BB. There are cracks and changes in level along the accessible route to the entrance, in violation of the ADA whose remedy is readily achievable.

CC. There is a threshold in excess of ½ inch at the entrance to the Sports Center, in violation of the ADA whose remedy is readily achievable.

DD. The fitting room door swings into the required turning space and there is not a compliant bench inside the room, in violation of the ADA whose remedy is readily achievable.

EE. The door hardware on the fitting room requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

FF. There are stone steps inside the sports center, impairing access by wheelchair users, in violation of the ADA whose remedy is readily achievable.

GG. Service or transaction counters inside the Sports Center do not have a lowered section as required, in violation of the ADA whose remedy is readily achievable.

HH. The Sports Center offers golf carts for rent, but none are accessible golf carts usable by disabled customers, in violation of the ADA whose remedy is readily achievable.

II. There is a ramp within the Sports Center without handrails on both sides, in violation of the ADA whose remedy is readily achievable.

JJ. The women's restroom signage is non-compliant, including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

KK. The women's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

LL. The designated accessible toilet compartment doors are not self-closing and do not have door pulls on either side, in violation of the ADA whose remedy is readily achievable.

MM. There are purse/coat hooks on the designated accessible toilet compartment doors that are mounted in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

NN. The flush control in the women's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

Clock Tower Lodge

OO. There is no accessible route to the entrance due to the presence of a step, in violation of the ADA whose remedy is readily achievable.

PP. There is no accessible route to the 2nd floor of the lodge due to the presence of steps, in violation of the ADA whose remedy is readily achievable.

QQ. There is no fixed lift to access the pool or hot tub, in violation of the ADA whose remedy is readily achievable.

RR. There are restaurants located in this facility, including a pizzeria, that lack accessibility features, in violation of the ADA whose remedy is readily achievable.

SS. There are no accessible overnight accommodations located in this class of resort guestroom despite being operated as transient lodging.

Golf Center

TT. The snack bar near the Golf Center does not have a lowered service counter, in violation of the ADA whose remedy is readily achievable.

UU. There is no designated accessible parking in the Golf Center parking lot, in violation of the ADA whose remedy is readily achievable.

VV. There is no accessible parking serving the golf center, in violation of the ADA whose remedy is readily achievable.

WW. There is no accessible route from parking to the Golf center, in violation of the ADA whose remedy is readily achievable.

XX. There is no adaptive golf cart available for disabled golfers at any of the resort's two courses whereas, golf carts are offered to able bodied golfers, in violation of the ADA whose remedy is readily achievable.

YY. There are no accessible restroom facilities available to disabled gofers on either of the Defendants' two golf courses, in violation of the ADA whose remedy is readily achievable.

Retail Storefronts

ZZ. The entrance door to Boyne Realty is equipped with hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

AAA. The service or transaction counter inside the Adventure Center does not have a lowered section, in violation of the ADA whose remedy is readily achievable.

BBB. The retail shops on the lower level and at the upper level have no accessible route for wheelchair users due to the presence of steps, in violation of the ADA whose remedy

is readily achievable.

CCC. There are numerous individual retailers with thresholds in excess of ½ inch at their entrances, in violation of the ADA whose remedy is readily achievable.

Tennis Center

DDD. The tennis center building next to the tennis courts is inaccessible due to the presence of steps at the entrance, in violation of the ADA whose remedy is readily achievable.

EEE. There is no accessible route to access the tennis courts due to the lack of firm, stable and slip resistant ground surface, in violation of the ADA whose remedy is readily achievable.

Grand Lodge

FFF. Designated accessible parking is not maintained, specifically snow removal at accessible parking in winter, in violation of the ADA whose remedy is readily achievable.

GGG. There is not two accessible means of entry to the grand lodge hotel indoor/outdoor swimming pool and there is not a fixed permanent adaptive pool lift, in violation of the ADA whose remedy is readily achievable.  The failure to provide required access points of entry and devices to the swimming pool make access for a person who is a double leg amputee like Rudolph Betancourt, or who has other mobility impairment, very difficult to enter or exit from a wheelchair.

HHH. The men's restroom located near the pool area contains signage that is non-compliant, in violation of the ADA whose remedy is readily achievable.

III. The lavatory inside the pool area restroom has lavatory pipes that are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

JJJ. The shower in the pool area has a six inch threshold rendering it inaccessible for customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

Resort Transient Lodging

KKK. Defendants serve as a property manager for condominium owners and operate the resort condominiums as a transient lodging hotel subject to the ADA. The lodging has a central reservation system, patrons have short terms stays, the resort has regular housekeeping, and the resort handles the refurbish, remodel or changes to the units in order to maintain certain hospitality standards. While therefore a transient lodging facility, the resort does not maintain facilities required to be compliant with the ADA.

LLL. The Defendants' resort offers numerous and varied types, prices and classes of lodging options but does not disburse accessible accommodations among the types, instead locating them only in one type, in violation of the ADA whose remedy is readily achievable. Rudolph Betancourt, as a patron who requires a guestroom with mobility

accessible features, is limited to a selection of standard guestroom offerings. Whereas, according to its website the hotel property has guestrooms which vary based upon available view, size and square footage of suites, and bed types which are not made available to Rudolph Betancourt and other's with disabilities who require and request mobility designated accessible guestrooms.

Mountain Grand Accessible Guestroom no. 233

MMM.   In the designated accessible guestroom kitchenette, the top of the fixed dining bar surface is not within the compliant height range, in violation of section 902.3 of the 2010 Standards whose remedy is readily achievable.

NNN.   There is no compliant knee space provided under the kitchenette sink, in violation of sections 806.2.5 and 306.3.1 of the 2010 Standards whose remedy is readily achievable.

OOO.   There are amenities such as a thermostat and other fixtures mounted in excess of the allowable reach range, in violation of the ADA whose remedy is readily achievable.

PPP.   In the designated accessible guest bathroom roll-in shower, the hand-held shower-spray unit does not provide the required on/off control in violation of section 607.6 of the 2010 Standards.

QQQ.   In the designated accessible guest bathroom, the Standard Roll-In Type Shower Compartment does not provide a fold down seat in violation of section 608.4 of the 2010 Standards.

RRR.   In the designated accessible guestroom bathroom, the flush control is not located on the open side of the water closet in violation of section 604.6 of the 2010 Standards.

SSS.   Upon information and belief, Rudolph Betancourt believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel.

Access to Good and Services

TTT.   Mr. Betancourt has provided his attorneys over 70 personal photos of amenities throughout the resort, including of scenic chairlift rides, beaches, adventure tours and other amenities which he personally identified barriers to handicap access but were not accessible to counsel upon a pre-suit due diligence inspection and require closer inspection from counsel and his expert to depict in sufficient detail.

Policies and Procedures

UUU.   The Defendants lack or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

VVV.   The operators' agent cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

WWW. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Rudolph Betancourt.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. Boyne Mountain Resort, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein; to create and implement lawful policy and procedures for the benefit of patrons and guests with disabilities; and, to make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and procedural ADA violations that exist at the facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. Boyne Mountain Resort and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22. Whereas, Rudolph Betancourt paid full retail price for goods and services he could not fully enjoy or in some instances could not use at all as a result of Defendants' discrimination.

23. Whereas, there is no access to a restroom facility for Mr. Betancourt or others similarly situated with mobility impairments on either of the resort's two golf courses. This is unreasonable considering a round of golf, plus socializing with others at the golf course can and does last for period of four to five hours and longer.

24. Whereas, Defendants rent carts to able-bodied golfers but does not rent golf carts that mobility impaired golfers can use. Most resort guests with a tee time can simply show up at Boyne Mountain Resort and play either of its two golf courses. Disabled patrons, such as Mr. Betancourt specifically, can only play Boyne Mountain Resort if (1) they have the resources to own an accessible cart, a car and a trailer, (2) they pay to store, maintain and charge up the cart, (3) the course is close enough for them to drive to, and (4) they are physically able, despite their disability, to transfer the cart on and off the trailer.

25. Whereas, the Defendants' reservation operators cannot identify and describe accessible features in the guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given guest room meets his or her accessibility needs.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an

amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)*
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
valeriefatica@gmail.com
*admitted to practice W. Dist of Michigan